54 CCPA
**Application of Kenneth E. McCON-NAUGHAY.**
**Patent Appeal No. 7619.**

United States Court of Customs and Patent Appeals.
Feb. 9. 1967.

J. Austin Stone, Washington, D. C. (Jack W. Hanley, Indianapolis, Ind., of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (Raymond E. Martin, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the rejection of claims 1, 3 and 4 in appellant's application[1] for "Asphaltic Emulsion and Method of Making it."

The subject matter is reflected in claim 1:

1. An asphaltic paving emulsion, consisting essentially of a mixture of

an asphaltic material and an aqueous solution of an ionized mixture of polyfunctional imidazolines present in a proportion of about 0.1% to about 0.5% based upon the weight of the asphaltic material and consisting primarily of a diamine represented by the formula

$$N=C(R)-CH_2-CH_2-N(CH_2-CH_2-NH_3^+)$$

in which R represents an alkyl radical containing 17 carbon atoms, the negative ion of the ionized emulsifier being the anionic substituent of an acid selected from the class consisting of hydrochloric, phosphoric, acetic, and carbolic acids and mixtures thereof, and mixtures with oxalic, boric, benzoic, citric, hexanoic, lauric, stearic, tartaric, picric, and nitric acids.

Claim 3 is directed to a method of making the asphaltic emulsion by acidifying the imidazoline defined in claim 1 and then emulsifying an asphaltic material with the acidified imidazoline in a dispersing mill. Claim 4 is limited to the use, in the method of claim 3, of about 15% to 40% active acid based on the imidazoline in the dispersion.

The board affirmed the examiner's rejection of the appealed claims as "unpatentable over"[2] a British patent to Dussek in view of Wilson. The examiner and board both noted that Dussek acknowledges certain compositions as prior art. Dussek states:

Bitumen emulsions made with emulsifiers consisting of cationic surface active agents in acid solutions have certain advantages over normal anionic emulsions. In particular, adhesion of the resulting binder to acid stones is improved. However, when used for coating stone by mixing the rapid breakdown of the emulsion which takes place usually necessitates the use of a softened binder. This is not always desirable.

As an improvement over that prior art, Dussek discloses an aqueous bitumen emulsion suitable for road surface dressing made by adding a cationic surface-active agent (such as heptadecenylhydroxyethylglyoxaldine) and acid to an alkaline casein solution, heating the same and then preparing a bitumen emulsion using the acidified cationic surfactant solution as the emulsifier.

Wilson relates to an improved method for making glyoxalidines (imidazolines) which are said to be valuable emulsifying agents for producing *stable* dispersions of mineral oils or other oleaginous substances. Among the glyoxalidines disclosed by Wilson is one having the formula:

$$N=C(R)-CH(R_1)-CH(R_1)-N(H_2N-R_2)$$

where R represents an alkyl or alkenyl group containing 9 to 19 carbon atoms, $R_1$ represents hydrogen or a lower alkyl group and $R_2$ may be an alkylene group.

In sustaining the examiner's rejection, the board[3] stated:

The Wilson reference teaches that the claimed imidazoline and its salts are good emulsifying agents and produce stable dispersions of mineral oils

---

2. Although this manner of rejection is ambiguous as to the precise statutory ground relied upon by the examiner, we find the record as a whole clearly presents a rejection under 35 U.S.C. § 103.

3. The board also observed that appellant submitted literature bearing a date of August 1958 to the examiner which states that the cationic surface active agent recited in the claims:
* * * is a highly effective wetting and dispersing agent in hydrocarbon systems. It has given outstanding results as a coating and anti-stripping agent for petroleum asphalts and coal tar pitches * * *.

and other oleaginous substances. We see nothing more in the claimed composition and method than the use of Wilson's specific cationic emulsifier in the compositions that the British patent describes as old. * * *

To overcome the prima facie case of obviousness appellant directs our attention to the Goetz affidavit. We find little or no probative value in this affidavit * * *.

* * * if we were to take the affidavit at face value it is not seen that it would prove that the claimed imidazoline is superior in any respects to other known cationic surface active agents * * *.

Appellant urges that the British patent is deficient as a reference because it does not disclose the proportions of bitumen and dispersing agent. We do not regard this as a real deficiency since it would be well within the skill of the art to ascertain the proper proportions with any particular surface active agent. * * *

Appellant contends that the proportion of emulsifier to the asphaltic material recited in his claims is critical as indicated by the Goetz affidavit.[4] However, that affidavit only contains a comparison of appellant's emulsifier composition with that claimed by Dussek—there is no comparison with the prior art acknowledged by Dussek upon which the examiner and the board relied.

Appellant further contends that his processing step sequence defined by claims 3 and 4 is not anticipated by the references. However, as noted earlier, the record shows that the rejection is based on obviousness rather than anticipation. Appellant concedes that the Dussek process comprises the steps of: (1) dissolving casein in an alkali, (2) adding a cationic surface-active agent to the casein solution, (3) adding acid, (4) heating to redissolve any casein or casein complex thrown out of solution, and (5) preparing a bitumen emulsion using the resulting solution as the emulsifier. The above steps describe Dussek's *claimed* process which specifies the use of casein and KOH. Since the prior art acknowledged by Dussek shows the preparation of bitumen emulsions without casein and KOH, it appears evident that steps 1, 2 and 4 may be eliminated from the above enumerated Dussek process, thus leaving a process substantially the same as defined in appealed claims 3 and 4.

It seems to us that the references adequately suggest what appellant has done. We find no reversible error in the decision of the board.

The decision is affirmed.

Affirmed.

MARTIN, J., participated in the hearing of this case but died before a decision was reached.

---

4. The affidavit presents comparative data on four samples of emulsions. Samples 1 and 2 employ the emulsifiers recited in claim 1 while samples 3 and 4 employ emulsifiers additionally containing casein and KOH. The cationic surface active agent in sample 3 is glyoxalidine and in sample 4 it is the same as that used in samples 1 and 2. In addition, the amounts of the cationic surface active agents employed in samples 1–4 are 0.42%, 0.25%, 0.84% and 0.84%, respectively, based on the weight of the asphalt. The results show that asphaltic mixtures prepared from samples 1 and 2 have nearly the same settlement and mixing characteristics, and the same is true of that of samples 3 and 4. However, asphaltic mixtures prepared from samples 1 and 2, as a group, have characteristics superior to those prepared from samples 3 and 4.